IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ERIC HORNES,**

    **Plaintiff,**

**v.**                                                      **Civil action no. 1:06cv91**
                                                                 **(Judge Keeley)**

**UNITED STATES OF AMERICA.**

    **Defendant.**

**REPORT AND RECOMMENDATION**

On June 8, 2006, the pro se plaintiff, Michael Eric Hornes, filed this action under the Federal Tort Claims Act ("FTCA"). On August 11, 2006, the plaintiff was granted leave to proceed in forma pauperis. Upon preliminary review, the undersigned found that summary dismissal was not appropriate. Accordingly, an order was entered on August 11, 2006, directing the Clerk to issue a summons for each defendant.[1] On November 8, 2006, a Notice of Substitution was filed together with a Certification of Scope of Employment.[2] On November 9, 2006, an Order was entered substituting

---

[1] As filed, the complaint named as defendants: the United States of America, the Bureau of Prisons, and Officer Meadows.

[2] "[The FTCA] immunizes a federal employee from liability for his "negligent or wrongful act[s] or omission[s]...while acting with the scope of his employment...28 U.S.C. §2679(b)(1)." Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997). However, an employee is not immune if the employee violated the United States Constitution or United States Statutes. 28 U.S.C. §2679(b)(2). When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged incident. 28 U.S.C.§2679(d)(1). Once this certification is made, the United States is substituted as the sole defendant. Maron, 126 F.3d at 321.

the United States as the sole defendant for those alleged acts or omissions of the Bureau of Prisons and Officer Meadows.³ On November 13, 2006, the United States of America filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. On November 14, 2006, a Roseboro Notice was issued. On December 18, 2006, the plaintiff filed a Cross Motion in Opposition to Defendant's Motion to Dismiss. Accordingly, this matter ripe for review.

## I. **Factual Background**

The plaintiff is a federal inmate, who is currently housed at a half-way house or Residential Release Center under the direction of the District of Columbia Community Corrections Management Office.⁴ His projected release date is August 30, 2007.⁵ At the time he filed the complaint in this matter, he was incarcerated at USP Hazelton, which is located in Bruceton Mills, West Virginia. However, the events of which the plaintiff complains occurred while he was incarcerated at FCI Gilmer, which is located in Glenville, West Virginia.

On March 8, 2005, plaintiff was removed from the general population and placed in the Special Housing Unit ("SHU") at FCI Gilmer. Officer Meadows collected plaintiff's property from his cell and prepared an inventory of the property for forwarding to the SHU. (Dckt. 19-6). Officer Doty signed the forms as the SHU officer who secured plaintiff's property on March 8, 2005. (Dckts. 19-6, 19-7, 19-8).

On April 15, 2005, plaintiff was released from the SHU, at which time he signed the three

---

³The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. See 28 U.S.C. § 2679. Therefore, a federal agency, like the Bureau of Prisons, cannot be sued under the FTCA, and again, the only proper party defendant in this case is the United States of America.

⁴See the Inmate Locator at the bop.gov website.

⁵Id.

2

Inmate Personal Property Record forms listing his personal property. (Id.). Plaintiff signed the forms without noting any missing or damaged property at that time, although he did note on the forms that he was not allowed to conduct an inventory of his property. (Id.). Officer Morris also signed the forms upon plaintiff's release. (Id.)

On November 1, 2005, plaintiff filed an administrative claim with the Federal Bureau of Prisons. In his claim, plaintiff alleged that when he was transferred to the SHU, staff lost or misplaced a Black's Law Dictionary, two t-shirts, a bag of pool stick cue tips, a spool of thread, shaving cream, Tide laundry detergent, iced tea drink mix, and Tang drink mix. Pursuant to the FTCA, plaintiff sought damages in the amount of $220.00 for this property. (Dckt. 19-4). On February 1, 2006, the Bureau of Prisons ("BOP") denied the claim because a review of the BP383 Inmate Personal Property record completed when the plaintiff entered the SHU indicated that several of the items alleged to be missing were actually stored with his property, including the shaving cream, t-shirts, dictionary, and drink mixes. With regard to the remaining items, the BOP found no evidence that plaintiff possessed those items when he was transferred to the SHU and found no evidence of negligence on the part of the agency. (Dckt. 19-5).

## II. The Complaint

In his complaint, the plaintiff alleges that the personal property he claims to be missing was stolen or confiscated without due process of law. As well, the plaintiff alleges that as a result, he has suffered the loss of property rightfully belonging to him and legally acquired. Furthermore, the plaintiff alleges that while the property can be replaced/repurchased, this can only be accomplished though "additional hard labor, loss of energy, loss of life force, and places plaintiff in a condition of slavery/involuntary servitude in an effort to earn/make/obtain the necessary monies to replace that which the Defendant(s) have and includes the loss of time, energy, and life force in reproducing and/or

3

replacing those items." As damages, the plaintiff seeks the sum certain of $220.00 for the "stress, anxiety, pain of mind, and incurred expenses, loss of time, energy, legal matters, and peace of mind from his attempts to correct these torts."

**III. Standard of Review**

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid

weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

**IV. Analysis**

**A. Value of Plaintiff's Claim**

In Deutsch v. United States, 67 F.3d 1080, 1081 (3rd Cir. 1995), the Third Circuit Court of Appeals found that "a Court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Granting such authority to the district court under 28 U.S.C. § 1915 serves the *in forma pauperis* statute's "frequently

5

overlooked purpose of providing the courts with a vehicle for conserving scarce judicial resources and assuring that resources are used in the most just manner possible." Id. at 1089

In determining whether a claim is frivolous, the court should make a two-step analysis. First, the court should compare the cost/recovery differential and determine whether the reasonable paying litigant would have been dissuaded from filing. Id. at 1088. "Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees." Id. at 1089-1090 (emphasis added). In addition, although the Third Circuit recognized "that some litigants request large sums for a monetary remedy," the Court found that the amount requested by the plaintiff "should be of no moment when a district court inquires as to whether a claim is economically trivial." Id. at 1089, n. 10.

Second, the Court should determine whether the litigant "has a nonmonetary interest at stake under the claim," which would warrant the allocation of the court's resources "despite the fact that the claim is economically trivial." Id. at 1090. If the actual amount in controversy is less than the court costs and filing fees, and the court is satisfied that there is no other meaningful interest at stake, then the suit should be dismissed as frivolous. Id.

In a similar vein, the United States Court of Appeal for the Fourth Circuit has held that courts may consider the *de minimus* value of a claim as one factor in applying the frivolity test of 28 U.S.C. § 1915(e)(2)(B)(I). Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004). The Nagy court noted that Congress intended to confer "broad discretion on the district courts to police in forma pauperis filings," and that the frivolous inquiry ensured that federal resources would not be wasted on "baseless lawsuits that paying litigants generally do not initiate because of the cost of

6

bringing suit." Id, at 255. While recognizing that amendments to the Prison Litigation Reform Act ("PLRA") changed the filing fee requirement to deferral of payment of filing fees rather than avoidance of the filing fee altogether, the Court nonetheless concluded that "the introduction of a deferred payment mechanism [should not] be mistaken for an implied congressional intention that this mechanism would be a panacea for excessive in forma pauperis litigation." Id. at 256. Finally, the Court recognized that the primary goal is to ensure that the deferred payment mechanism "does not subsidize suits that prepaid administrative costs would otherwise have deterred." Id. at 257.

In this case, Plaintiff seeks compensatory damages in the amount of $220.00 for his "lost" property. However, even if the plaintiff's allegations are true, and Officer Meadows and/or other correctional officers at FCI Gilmer lost, stole, or otherwise disposed of the items, it is clear that this is a frivolous lawsuit that a paying litigant would not initiate because the filing fee of $350.00 would exceed the damages by $130.00. Furthermore, the plaintiff has not alleged that the items in question had any meaningful non-monetary value to him. Thus, because the undersigned finds that the actual amount in controversy is less than the filing fee, and that there is not other meaningful interests at stake,[6] it is recommended that the Plaintiff's tort claim be dismissed as frivolous.

## V. **MISCELLANEOUS MOTIONS**

On December 18, 2007, the plaintiff filed a Cross Motion in Opposition to Defendant's Motion to Dismiss...Motion for Summary Judgment. It would appear that this pleading is simply a reply to the defendant's Motion To Dismiss or in the Alternative, Motion for Summary Judgment.

---

[6]The undersigned notes that the plaintiff has sought several "declaratory statements" pertaining to his complaint. However, they simply request confirmation that he is entitled to the monetary damages he seeks, and are not the sort of declaratory or injunctive relief that can overcome the *de minimus* value of the plaintiff's monetary damages.

7

However, to the extent that the plaintiff is seeking entry of an order for the relief requested in his original complaint, the same should be denied for the reasons set forth above.

On February 8, 2007, the plaintiff filed a Motion for Leave to File an Amended Complaint. Plaintiff asserts that he intended his complaint to include claims against the United States pursuant to the FTCA and claims against Officer Meadows and the Property Officer under <u>Bivens</u>. However, plaintiff asserts that in his complaint, he inadvertently stated that his claims only arose pursuant to the FTCA, thus prompting the United States to be substituted as the sole defendant in this case. Accordingly, Plaintiff wishes to revive his claims against Officer Meadows and the Property Manager by adding constitutional claims against those defendants in their individual capacities pursuant to <u>Bivens</u>. Specifically, Plaintiff asserts that Officer Meadows and the Property Officer deprived him of a liberty interest in his personal property.

As plaintiff notes, leave to amend should be freely given under Rule 15 of the Federal Rules of Civil Procedure. However, unlike claims against state actors under 42 U.S.C. § 1983, constitutional claims against individual federal employees are not statutorily authorized. Instead, those claims were created only through judicial authority. Thus, constitutional claims against federal employees in their individual capacities are subject to the limitations of judicial authority.

In <u>Carlson v. Green</u>, 446 U.S. 14 (1980), the Supreme Court found two instances in which a <u>Bivens</u> action cannot be maintained. First, when there are "special factors counseling hesitation in the absence of affirmative action by Congress." <u>Carlson</u>, 446 U.S. at 18. Second, when "Congress has provided an alternative remedy which is explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." <u>Id.</u> at 18-19 (emphasis in original).

Here, Congress has explicitly stated that the exclusive remedy for recovery of loss of property

is against the United States.  See 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . .* ") (emphasis added).  Accordingly, in this instance, Plaintiff cannot bring a Bivens action against Officer Meadows and the Property Officer.  Therefore, his motion to amend his complaint must be DENIED.

## VI.  Recommendation

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Dckt. 19) be **GRANTED** and the complaint be **DISMISSED WITH PREJUDICE**.   In addition, the undersigned recommends that the plaintiff's Cross Motion (Dckt. 21) be **DENIED**, and the plaintiff's Motion for Leave to File (Dckt. 22) be **DENIED**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985):  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: June 8, 2007

/s/ James E. Seibert<br>
JAMES E. SEIBERT<br>
UNITED STATES MAGISTRATE JUDGE