**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL ERIC HORNES,**

    **Plaintiff,**

v.                                             **Civil Action No. 1:06cv91**
                                                  **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pursuant to provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et. seq.* (2000)("FTCA"), on June 8, 2006, the <u>pro se</u> plaintiff Michael Eric Hornes ("Hornes"), filed this civil action alleging that Federal Bureau of Prisons ("BOP") staff at FCI-Gilmer lost, stole or misplaced certain items of his personal property[1] after he was transferred out of his cell in the general population to a cell in the Special Housing Unit. In his complaint, Hornes seeks the award of $220.00 under the FTCA to compensate him for the allegedly lost, stolen or misplaced items as well as the anxiety and incurred expenses he claims he has suffered in his attempts to regain possession of those items.

By standing Order, the Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accord with Local Rule of

---

[1] The allegedly misplaced items include, a copy of Black's Law Dictionary, two t-shirts, a bag of pool stick cue tips, a spool of thread, shaving cream, Tide laundry detergent, iced tea drink mix, and Tang drink mix.

**Hornes v. USA**                                                         **1:06CV91**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Prisoner Litigation 83.02. After finding that summary dismissal was not appropriate, on August 11, 2006, Magistrate Judge Seibert directed the United States Marshals to serve the named defendants, including Officer Tim Meadows, and ordered the defendants to answer or otherwise respond to the complaint.

Pursuant to 28 U.S.C. § 1346(b) and provisions of the FTCA, on November 8, 2006, the United States filed a Notice of Substitution indicating that the United States Attorney for the Northern District of West Virginia had certified that Officer Meadows was acting within the scope of his federal employment at the time of the incidents alleged in the complaint and, therefore, is deemed an employee of the United States for purposes of the FTCA. Moreover, because the FTCA precludes suit against a federal employee for his 'negligent or wrongful act[s] or omission[s] . . . while acting within the scope of his office or employment . . ." 28 U.S.C. § 2679(b)(1), on November 9, 2006, the Court entered an order substituting the United States of America as the sole defendant in this action. (Doc. No. 18.)

On November 13, 2006, the United States filed its motion to dismiss or in the alternative for summary judgment, and on December 18, 2006, Hornes filed a cross motion in opposition to the motion to dismiss.

**Hornes v. USA**                                                        1:06CV91

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 8, 2007, Magistrate Judge Seibert issued his R&R recommending that the United States's motion to dismiss be granted and that this case be dismissed with prejudice. The magistrate judge found that Hornes's civil action is a "frivolous lawsuit" that no paying litigant would initiate because the $350.00 filing fee exceeds the damages sought by $130.00. Further, nowhere in Hornes's complaint does he allege that any of the items in question have any meaningful non-monetary value to him. Accordingly, Magistrate Judge Seibert concluded that Hornes's FTCA claim must fail, as well as the miscellaneous motions[2] filed by Hornes in relation to this civil action.

Following entry, the Clerk's Office forwarded a copy of the R&R to the last known address of record for the plaintiff.[3] On July 10, 2007, that mail was returned as undeliverable, but, as noted in the R&R, a check of the BOP's website's inmate locator function reveals that Hornes is currently housed in a Residential Release Center under the direction of the District of Columbia Community Corrections Management Office, and is projected for

---

[2] See Doc. No. 21 - Plaintiff's Cross Motion In Opposition To Defendant's Motion To Dismiss . . . Summary Judgment; and Doc. No. 22 - Plaintiff's Motion For Leave To File An Amended Complaint.

[3] Although the events complained of allegedly took place while Hornes was incarcerated at FCI-Gilmer, Hornes filed his civil action while he was incarcerated at FCI-Hazleton. He has not filed a notice of change of address with the Court.

3

### ORDER ADOPTING REPORT AND RECOMMENDATION

release from BOP custody on August 30, 2007. Despite, his failure to "[k]eep the Court . . . advised of [his] current address at all times" as he is obligated to do pursuant to the guidelines for appearing *pro se* in federal court, on July 11, 2007, the Clerk's Office forwarded the R&R to Hornes at the address for the District of Columbia Community Corrections Management Office.

Finally, after receiving no response, on July 30, 2007 the Court sent the R&R to Hornes's current address via certified mail, return receipt requested. On August 6, 2007, the Court received the return receipt signed by an agent of the District of Columbia Community Corrections Management Office on August 2, 2007.

The magistrate judge's R&R specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue.[4] The parties filed no objections to the R&R. Therefore, having forwarded the R&R to the last known address of the plaintiff and having received no timely objections to the recommendations therein, the Court **ADOPTS** Magistrate Judge Seibert's Report and Recommendation in its entirety.

---

[4] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

## ORDER ADOPTING REPORT AND RECOMMENDATION

Accordingly, the Court **GRANTS** the United States' motion to dismiss (doc. no. 19), **DENIES** Hornes' cross motion (doc. no. 21), **DENIES** Hornes' motion for leave to file (doc. no. 22), and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff via certified mail, return receipt requested and transmit a copy of this Order to counsel of record.

Dated: August 16, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE